IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                          Criminal No. 3:26-cr-24

E'MON AMBERS, et al.,
      Defendants.

## MEMORANDUM OPINION

This matter comes before the Court on DEFENDANT TRAQUAN BROWN'S MOTION TO DISMISS COUNT EIGHT (PAYMENT OF KICKBACKS) OF THE SECOND SUPERSEDING INDICTMENT (the "Motion to Dismiss") (ECF No. 87). For the reasons set forth below, the Motion to Dismiss (ECF No. 87) will be denied.

## I. BACKGROUND

On June 2, 2026, the United States filed the SECOND SUPERSEDING INDICTMENT (ECF No. 74), charging E'mon Ambers ("E'mon"), Armone' Ambers ("Armone'"), and Traquan Brown ("Brown") with multiple offenses arising from an alleged Medicaid fraud scheme. As relevant here, COUNT VIII of the Second Superseding Indictment charges Defendants Brown and E'mon with Payment of Illegal Kickbacks, in violation of 42 U.S.C. § 1320a-7b(b)(2)(B) and 18 U.S.C. § 2. ECF No. 74 at 19. Count VIII states in relevant part that:

> [o]n or about [August 8, 2022], in the Eastern District
> of Virginia and elsewhere, [E'mon and Brown], aided,
> abetted, counseled, induced, and encouraged by each
> other, and by others known and unknown, did knowingly

and willfully offer to pay and pay kickbacks, directly and indirectly, in cash and in kind, to induce the purchase, lease, and order of mental health services, for which payment may be made in whole or in part under Medicaid, a Federal health care program . . . .

ECF No. 74 at 19. Specifically, the Second Superseding Indictment alleges that (1) Brown "knowingly and willfully induced Medicaid recipients to obtain Mobile Crisis and Crisis Stabilization services from Divine Youth by purchasing hotel rooms for the recipients[,]" ECF No. 74 at ¶ 44; (2) Brown "used the hotel rooms to incentivize recipients to obtain Medicaid services from Divine Youth[,]" ECF No. 74 at ¶ 45; (3) Brown "knew and understood that purchasing hotel rooms was an incentive for clients to obtain Medicaid services from their agency[,]" ECF No. 74 at ¶ 45; (4) one of Brown's "primary responsibilities as a staff member of Divine Youth was to place Medicaid recipients in hotels[,]" ECF No. 74 at ¶ 48; (5) Brown "knew that purchasing hotel rooms for Medicaid recipients was wrong and unlawful[,]" ECF No. 74 at ¶ 49; and (6) in an attempt to conceal these alleged illegal kickbacks, E'mon, Armone', and T'Aisya Squire[1] instructed Brown "to not include the words 'hotel' or 'motel' in [his] progress notes[,]" ECF No. 74 at ¶ 49.

---

[1] T'Aisya Squire ("Squire") is alleged to be among the Defendants' co-conspirators, and she served as the supervisor of Divine Youth's crisis programs.

## II. LEGAL STANDARD

Federal Rule of Criminal Procedure 12 provides for dismissal of an indictment "where there is an infirmity of law in the prosecution; a court may not dismiss an indictment, however, on a determination of facts that should have been developed at trial." United States v. Engle, 676 F.3d 405, 415 (4th Cir. 2012). When considering a motion to dismiss, "the indictment allegations are presumed to be true, and the motion should not ordinarily be used as a vehicle to test the sufficiency of the evidence behind the allegations." United States v. Treacy, 677 F. App'x 869, 873 (4th Cir. 2017). "An indictment may legally fail to state an offense by omitting a necessary element." United States v. Brewbaker, 87 F.4th 563, 572 (4th Cir. 2023). Alternatively, an indictment may fail to state an offense if "the allegations therein, even if true, would not state an offense." United States v. Thomas, 367 F.3d 194, 197 (4th Cir. 2004).

## III. ANALYSIS

"A valid indictment must: (1) allege the essential facts constituting the offense; (2) allege each element of the offense, so that fair notice is provided; and (3) be sufficiently distinctive that a verdict will bar a second prosecution for the same offense." United States v. Bolden, 325 F.3d 471, 490 (4th Cir. 2003) (citing United States v. Smith, 44 F.3d 1259, 1263 (4th Cir. 1995)); see also Fed. R. Crim. P. 7(c) ("The

3

indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ."). "As a basic proposition, an indictment is sufficient 'if it alleges an offense in the words of the statute.'" Bolden, 325 F.3d at 490 (quoting United States v. Brandon, 298 F.3d 307, 310 (4th Cir. 2002)).

Count VIII charges E'mon and Brown with paying illegal kickbacks, in violation of 42 U.S.C. § 1320a-7b(b)(2)(B), which provides in relevant part that:

> [w]hoever knowingly and willfully offers or pays any remuneration (including any kickback, bribe, or rebate) directly or indirectly, overtly or covertly, in cash or in kind to any person to induce such person . . . to purchase, lease, order, or arrange for or recommend purchasing, leasing, or ordering any good, facility, service, or item for which payment may be made in whole or in part under a Federal health care program, shall be guilty of a felony and upon conviction thereof, shall be fined not more than $100,000 or imprisoned for not more than 10 years, or both.

42 U.S.C. § 1320a-7b(b)(2)(B). To prove a violation of 42 U.S.C. § 1320a-7b(b)(2)(B), the Government does not need to establish that the defendant had "actual knowledge of [42 U.S.C. § 1320a-7b(b)(2)(B)] or specific intent to commit a violation of [42 U.S.C. § 1320a-7b(b)(2)(B)]." See 42 U.S.C. § 1320a-7b(h).

To the extent the validity of the indictment as to COUNT VIII is challenged in the Motion to Dismiss, the Court finds that the charging language of COUNT VIII, as set forth in the Second Superseding Indictment, is sufficient to satisfy the requirements

4

of Rule 7(c). The language in COUNT VIII largely tracks the statutory text and alleges each of the elements of a violation of 42 U.S.C. § 1320a-7b(b)(2)(B). See ECF No. 74 at ¶¶ 44-49. Additionally, COUNT VIII identifies the specific transaction at issue, here, Brown's purchase of a hotel room for the Medicaid recipient W.T. on or about August 8, 2022, thereby providing Brown with fair notice and making COUNT VIII sufficiently distinctive such that a verdict will bar any subsequent prosecution for the same offense. ECF No. 74 at 19. In turn, COUNT VIII is adequately pled in the Second Superseding Indictment.

In his Motion to Dismiss, Brown asserts that "the Second Superseding Indictment is devoid of any factual allegation supporting that Mr. Brown knowingly and willfully participated in this allegedly unlawful practice." ECF No. 88 at 2. In support of his assertion, Brown contends that "the specific language of the Second Superseding Indictment contradicts the claim that Mr. Brown had knowledge that his conduct was unlawful." ECF No. 88 at 2. Brown points to the language in the Second Superseding Indictment that stated, "[i]n an attempt to conceal these illegal kickbacks, E'MON, ARMONE', and Squire instructed their staff, including BROWN, to not include the words 'hotel' or 'motel' in their progress notes." ECF No. 74 at ¶ 49. In Brown's view, this allegation "contradicts the Second Superseding Indictment's previous claims that Mr. Brown knew his participation in the

5

purchasing of hotel rooms for clients was wrong and unlawful" and instead "indicates that Mr. Brown simply carried out instructions given to him from managers of the business." ECF No. 88 at 6-7. Brown contends that "such conduct, without additional evidence would not satisfy the *mens rea* requirement under 42 U.S.C. § 1320a-7b(b)(2)(B)." ECF No. 88 at 7 (emphasis added). Therefore, in Brown's view, "the Second Superseding Indictment insufficiently alleges that Mr. Brown had the requisite *mens rea* to sustain a conviction under Count Eight of the Second Superseding Indictment." ECF No. 88 at 2.

The Fourth Circuit has instructed that "a court may not dismiss an indictment . . . on a determination of facts that should have been developed at trial." Engle, 676 F.3d at 415. When considering a motion to dismiss, "the indictment allegations are presumed to be true, and the motion should not ordinarily be used as a vehicle to test the sufficiency of the evidence behind the allegations." Treacy, 677 F. App'x at 873 (emphasis added). However, that is precisely what Brown asks the Court to do in his Motion to Dismiss. The Government contests Brown's characterization of the facts and plans to present evidence that trial that contradicts his assertions. ECF No. 98 at 3. At this stage, the Court will not inquire into the sufficiency of evidence or dismiss COUNT VIII based upon a determination of facts that should be developed at trial.

6

Additionally, the Court notes that Brown's assertion that the allegation in the Second Superseding Indictment that E'mon, Armone', and Squire instructed him not to include the words hotel or motel in his progress notes does not contradict the claim that Brown knew his participation in the purchasing of hotel rooms for clients was wrong or unlawful. These are not mutually exclusive. It can certainly be true both (1) that Brown was carrying out instructions given to him from managers of the business and (2) that Brown knew that his participation in the purchasing of hotel rooms for clients was wrong and unlawful.

Accordingly, Brown has failed to establish in his Motion to Dismiss that COUNT VIII of the Second Superseding Indictment fails to state an offense and, in turn, his Motion to Dismiss (ECF No. 87) will be denied.

## IV. CONCLUSION

For the reasons set forth above, the Motion to Dismiss (ECF No. 87) will be denied by forthcoming order.

/s/ _R E P_

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: August _8_ , 2026

7